UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RENEE G. MARTINEZ, on her own
behalf and others similarly situated,

          Plaintiff,

-vs-                                         Case No. 5:08-cv-148-Oc-10GRJ

C.F. JOHARY D.M.D., P.A.,

          Defendant.
_____/

**O R D E R**

This case is before the Court for consideration of the Plaintiff's Motion For An Award of Attorney's Fees and Costs (Doc. 24), to which the Defendant has filed a response in opposition (Doc. 25). The Defendant has also recently filed a motion for discovery on the Plaintiff's requested attorney's fees (Doc. 32). Upon due consideration, the Plaintiff's motion is due to be granted in part and denied in part, and the Defendant's motion for discovery is due to be denied.

On April 16, 2008, the Plaintiff filed a one-count Complaint against her former employer alleging violations of the overtime compensation provisions of the Fair Labor Standards act, 29 U.S.C. § 201 *et seq.* ("FLSA") (Doc. 1). Following the completion of discovery, on March 5, 2010, the Plaintiff notified that Court that she had accepted the Defendant's offer of judgment, and requested the Court retain jurisdiction to determine attorney's fees and costs (Doc. 21). The Court granted the Plaintiff's requested relief

on March 15, 2010 (Doc. 22), and judgment was entered in the Plaintiff's favor the next day (Doc. 23).

The Plaintiff now seeks attorney's fees in the amount of $12,918.22 and $710.00 in costs pursuant to 29 U.S.C. § 216(b). In support of this request, the Plaintiff has submitted the affidavit of her attorney, Kelly A. Amritt, Esq., time records from Ms. Amritt's law office, and invoices establishing the costs incurred in this case (Docs. 24-1 through 24-3). These documents establish that the Plaintiff's attorney expended 41.87 hours on this case at a rate of $300.00 per hour; and one paralegal at the Plaintiff's counsel's office expended 4.83 hours on this case at a rate of $105.00 per hour.

Ms. Amritt avers in her affidavit that she has been a member of the Florida Bar since 2003, has practiced exclusively in the area of unpaid wages, and has over six (6) years of litigation experience. (Doc. 24-1, ¶ 6). Ms. Amritt further states that she has previously been awarded fees at a rate of $300.00 in other cases in the Middle District of Florida, and that she regularly bills her clients at this rate. (Id., ¶¶ 6-7). Ms. Amritt further avers that based on the experience level of paralegal Melissa Arroyo, a reasonable hourly rate for her services is $105.00. (Id., ¶ 7).

The Defendant has filed a response in which he states that the paralegal rate should be $75.00 per hour and that the attorney rate should be $250.00 per hour (Doc. 25). He further states that the hours expended are not reasonable and that the attorney hours should be capped at 26. Id.

**Discussion**

The FLSA requires a court to award prevailing employees reasonable attorney's fees and costs in unpaid overtime wages cases. 29 U.S.C. § 216(b). "The determination of a reasonable fee pursuant to § 216(b) of the [FLSA] is left to the sound discretion of the trial court." Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985); see also Moon v. Technodent National, Inc., No. 5:06-cv-358-Orl-PCF-GRJ, 2009 WL 111678 at * 4 (M.D. Fla. Jan. 15, 2009). The starting point for determining the amount of a reasonable fee "is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). As part of this calculation, a court should exclude hours that were not reasonably expended or are redundant. Id. at 434. This lodestar amount can then be adjusted "to account for other considerations that have not yet been figured in the computation, the most important being the relation of the results obtained to the work done." Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). If an applicant's documentation in support of its fees request "is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433.

Courts in the Eleventh Circuit are guided by 12 factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F. 2d 714, 717-719 (5th Cir.1974), overruled on other grounds Blanchard v. Bergeron, 489 U. S. 87 (1989),[1] with the caveat that "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Hensley, 461 U. S. at 434, n. 9. These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F. 2d at 717-719. See also Norman, 836 F. 2d at 1299.

The Court has reviewed the time sheets submitted and finds that the hours expended by one attorney and one paralegal in this case are reasonable and appropriate. Although this was not a complex matter, the case did last nearly two years and concluded with judgment in the Plaintiff's favor. While the Defendant's own

---

[1] In Bonner v. City of Prichard, 661 F. 2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as precedent the decisions of the former Fifth Circuit before October 1, 1981.

attorney may have only expended 26.6 hours of time in this case, that does not mean that the 41.87 hours expended by Ms. Amritt – essentially one work week – or the 4.83 hours of paralegal time were unnecessary, redundant, or excessive. Accordingly, the Court will not reduce the hours requested.[2]

The Court has some concerns with the hourly rates requested. The prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate. Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996); Norman, 836 F.2d at 1299. "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999). The party seeking fees bears the burden of establishing the market rate and should present the court with "specific and detailed evidence" from which it can determine the reasonableness of the proposed rate. Norman, 836 F. 2d at 1303.

In this case, the relevant legal market is the Middle District of Florida, and more specifically, the Ocala, Marion County area. See Cullens v. Georgia Dept. of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). The Plaintiff has not submitted any "specific and

---

[2] The Court also is not persuaded by the Defendant's motion for discovery, which is based on nothing more than an assertion that the Plaintiff's law firm, and Ms. Amritt in particular, were handling a large number of FLSA cases in 2008. Regardless of the number of cases on Ms. Amritt's desk, it is not unreasonable to expend 41.87 hours over the course of two years to litigate this case.

detailed evidence" concerning prevailing market rates in Ocala, Florida.  Instead, the Plaintiff has merely attached the affidavit of her own attorney, which lists fee awards obtained in FLSA cases litigated in Orlando, Jacksonville, and Ft. Meyers, Florida (Doc. 24-1, ¶¶ 6-7).  However, evidence establishing that a rate is in line with prevailing market rates must be "at a minimum more than the affidavit of the attorney performing the work."  Norman, 836 F.2d at 1299.  In fact, "[t]he parties ought to provide the court with a range of market rates for lawyers of different skill levels . . . involved in similar cases with similar clients, so that the court may interpolate the prevailing market rate based on an assessment of the skill demonstrated in the case at bar."  Id. at 1300.

The Plaintiff has failed to satisfy the requirements of Norman.  While the Plaintiff is correct that Judges of this District have previously awarded Ms. Amritt fees based on a $300 hourly rate, all of those cases were litigated in much larger urban areas with higher costs of living than Ocala, Florida.  Moreover, this was a very straightforward case, with no novel or complex issues and minimal discovery.  In the absence of any competent evidence concerning the prevailing market rate in Ocala, the Court will rely on its own competence and experience and concludes that an hourly rate of $250.00 is reasonable.  See Moon, 2009 WL 111678 at * 6.  The Court further concludes that the hourly rate for the Plaintiff's paralegal will be reduced to $100.00.

In sum the Plaintiff shall be awarded attorney's fees in the amount of $10,950.50 (41.87 hours for Ms. Amritt at $250.00 per hour, and 4.83 paralegal hours at $100.00 per hour).

Section 216(b) of the FLSA also provides for a mandatory award of costs to a prevailing plaintiff. The Plaintiff seeks $710.00 in costs for filing fees, service of process, and deposition fees – none of which are opposed by the Defendant. The Court has reviewed these costs and the supporting documentation and concludes that all of the expenses are permitted under 28 U.S.C. § 1920 and are recoverable.

## Conclusion

Accordingly, upon due consideration, the Plaintiff's Motion for Award of Attorney's Fees and Costs (Doc. 24) is GRANTED IN PART AND DENIED IN PART. The Clerk is directed to enter judgment in favor of the Plaintiff and against the Defendant in the amount of $11,660.50, representing $10,950.50 in attorney's fees and $710.00 in costs. The Defendant's Motion for Discovery as to Attorney Fees (Doc. 32) is DENIED.

The Clerk is further directed to terminate any other pending motions and to close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 14th day of October, 2010.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record
Maurya McSheehy